UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSHN TERRY** | : | **DOCKET NO. 17-cv-410** |
| BOP # 15408-032 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **S. BROWN, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint filed *in forma pauperis* by *pro se* plaintiff Josh Terry ("Terry"). Terry is an inmate in the custody of the Federal Bureau of Prisons ("BOP").[1] He is currently incarcerated at the Federal Correctional Institute in Beaumont, Texas, ("FCIB"). However, he complains about events that occurred during his incarceration at the Federal Correctional Institute in Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### I.
#### BACKGROUND

Terry claims that he was wrongfully held in FCIO's administrative segregation in the Special Housing Unit ("SHU"). He states that he was in general population at FCIO from December 16, 2015, to April 25, 2016. Doc. 1, p. 5. He claims that he was placed in SHU on April 25, 2016, at 2:25 a.m., for the purpose of an SIS investigation for "refusal of UA, insolence

---

[1] This matter arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999 (1971). *Bivens* authorizes civil rights suits filed against federal agents or employees for a violation of a constitutional right.

- 1 -

toward staff." *Id.* He states that he received the incident report regarding the matter on the morning of April 25, 2016. *Id.* However, he claims that he was told that there was not an incident report in his file, which he contends is necessary in order for an investigation to be done. *Id.* at 7. He maintains that, without an incident report, any investigation "is a sham and deprivation of Due Process Rights." *Id.*

Terry contends that several BOP Program Statements were not followed in regard to his SHU placement, including that he never received an original "ADO." *Id.* at 5. He states that he was not given SHU review forms on a timely basis and that the forms falsely state that he appeared at the reviews when he never left his cell. *Id.* at 13. He claims that periodic reviews were "rubberstamped at every stage" and that the only thing he was told about his SHU confinement was that "SIS wants you here." *Id.* at 5, 13-14; doc. 7, p. 2.

Terry complains about the "harsh disparities between general population and SHU." Doc. 1, p. 8. He states that SHU inmates are only allowed one hour per day to exercise outside, spend twenty-three hours a day in their cell and eat all meals there, and have restricted access to the commissary, phone, visitation, mail, personal property, clothing, and educational, religious, and recreational programs. *Id.* at 8, 14-15. He also complains about the lack of natural light and fresh air in his cell. *Id.* at 8.

Terry maintains that the toxic effects of prolonged segregation are enhanced in his situation because he is not in SHU for disciplinary reasons and that the length of his SHU confinement is potentially limitless. *Id.* at 9. He states that the prolonged segregation could adversely impact his mental health but that he was never seen by an outside psychologist, despite being told on three occasions that he had an appointment. *Id.*

Terry claims that he was denied access to the courts as the staff threw away his commissary submission thus preventing him from sending mail to the courts. *Id.* at 14. He states that this action was retaliatory. *Id.* He also claims that, despite filing a grievance concerning his need for eye glasses, he was not given an appointment causing him to have migraine headaches when doing paperwork. *Id.* Terry attached copies of several grievances that he filed regarding the alleged violations of his civil rights as well as the responses thereto. Doc. 1, att. 1, pp. 1-16.

Terry was transferred from FCIO to FCIB no later than May 13, 2017. Doc. 8. As relief in regard to his SHU confinement at FCIO, Terry asked: (1) to be released from SHU or transferred to another prison; (2) that the staff involved in the violations of his rights be fired or suspended pending an investigation of their conduct; (3) for expungement of his central file in regard to this matter; (4) for punitive damages against Warden Calvin Johnson for the infliction of mental and emotional distress; and (5) for $200.00 per day for each day that he was held in SHU. Doc. 1, p. 17.

## II.
### APPLICABLE LAW

*A. Frivolity Review*

Terry has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. 6. This Act directs a district court to dismiss an action if the court determines that it is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citing 28 U.S.C. § 1915(e)(2)(B)(i) and (ii)).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When

determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983/Bivens

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983. *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993); *see also Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980). Thus, the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle the plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254-55 (1988).

### C. Rule 8 Considerations

Rule 8 of the Federal Rules of Civil Procedure requires a pleading containing a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Thus Terry should amend his complaint to provide:

(1) a description of what **each named defendant** did to violate his rights;

(2) the place and date that each event occurred;

(3) a description of all alleged injuries sustained as a result of the alleged violation(s). This description should provide sufficient detail to enable the court to determine the seriousness of the injury, if any, he alleges he sustained;

(4) for what damages does he seek the requested award of monetary damages (e.g. Terry should explain to the court, in his own words, the basis for which he seeks the damages);

(5) documentation showing all grievances and responses thereto filed by him at any and all facilities regarding his claims herein; and

(6) a copy of all disciplinary reports, if any, filed regarding this matter as well as the disciplinary hearing officer's findings and any appeals and rulings related thereto. Terry should also include all supporting documentation concerning the reports, hearings, and appeals.

### D. Theories of the Complaint

Terry's complaint must provide the factual elements listed above as well as reflect the legal considerations applicable to each theory of recovery.

#### 1. Retaliation

Terry claims that FCIO staff retaliated against him by intentionally losing his commissary slip which prevented him from mailing legal documents to the court.

Officials may not retaliate against an inmate "for complaining through proper channels." *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006). In order to prevail on a claim for retaliation, an inmate must demonstrate: (1) a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercising that right; (3) a retaliatory adverse act; and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). An inmate's personal belief that he is the victim of retaliation is insufficient. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Rather, the inmate must present direct evidence of a motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.

1995) (quoting *Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988)). In order to establish causation, the inmate must demonstrate that but for the retaliatory motive, the incident complained of would not have occurred. *Id.* Finally, the alleged retaliatory act(s) must be more than *de minimis* in order to support a constitutional claim. *Morris v. Powell*, 449 F.3d 682, 684–86 (5th Cir. 2006). In other words, "[r]etaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary friminess from further exercising his constitutional rights." *Id.* at 686.

In this matter, Terry sets forth allegations under each element required for a retaliation claim. However, in order to determine if the allegations are sufficient to support the retaliation claim, Terry should amend his complaint to specify all acts that he believes to be retaliatory. He should also identify all persons responsible for the alleged retaliatory acts. In addition, he should state the specific constitutional right(s) that he claims was violated and inform the court of the injuries, if any, that he sustained as a result of the alleged retaliation.

### *2. Due Process Claim—SHU Detention/Detainment*

Terry alleges that his detention in SHU violated his due process rights. To maintain such a due process challenge, Terry must show that his SHU detention deprived him of a liberty interest protected by the Fourteenth Amendment. *See Hernandez v. Velasquez*, 522 F.3d 556, 562 (5th Cir. 2008).

Ordinarily an inmate has no recognized due process interest in his custodial classification. *Moody v. Baker,* 857 F.2d 256, 257–58 (5th Cir. 1988). Solitary confinement or other administrative segregation is typically viewed as an ordinary, expected, and permissible incident of prison life. *See Pichardo v. Kinker*, 73 F.3d 612, 612–13 (5th Cir. 1996). However, it may be used in a way that "imposes atypical and significant hardship on the inmate." *Hernandez*, 522

F.3d at 562–63 (quoting *Sandin v. Conner*, 115 S.Ct. 2293, 2300 (1995)); *see also Wilkerson v. Goodwin*, 774 F.3d 845, 855–57 (5th Cir. 2014). "[S]everity of the restrictive conditions and their duration [are] key factors" in determining whether an inmate has a liberty interest in his custodial classification. *Wilkerson*, 774 F.3d at 854-55.

There is no question that Terry's daily activities were limited in FCIO's SHU. However, his complaints about the conditions in SHU, including that the air is kept at cold temperatures, lack of natural light in his cell, and phone use for only fifteen minutes a week, simply do not impose atypical and significant hardships relative to the ordinary incidents of prison life. Furthermore, although he alleges that the prison failed to follow through on medical and psychological appointments, he does not show that his custodial classification was the cause of any actual medical/psychological conditions or that the classification contributed to the alleged delay in care.

Additionally, the duration of confinement must also be considered. In this regard, the court stated:

> The Fifth Circuit recently suggested that two and a half years of segregation is a threshold of sorts for atypicality, *Wilkerson*, 774 F.3d at 855, such that 18–19 months of segregation under even the most isolated of conditions may not implicate a liberty interest. *See also Hernandez,* 522 F.3d at 563 (lockdown in "a shared cell for twelve months with permission to leave only for showers, medical appointments, and family visits" not an atypical or significant hardship).

*Bailey v. Fisher*, 647 App'x 472, 476-77 (5th Cir. 2016) (footnote omitted). Considering that Terry was in segregation at FCIO for, at most, a little over one year, it appears that this time still falls well under the two and a half year threshold and is not sufficiently atypical to trigger a liberty interest.

Terry's complaint in regard to his SHU confinement fails to state a claim upon which relief may be granted. He should amend his complaint to cure the defects noted or delete the claim.

### 3. Due Process Claim—Failure to Follow BOP Program Statement

Terry alleges that he was denied due process because FCIO officers did not comply with BOP Program Statement 5270.11 (C.F.R. 541.5), in that he did not receive an incident report relative to his SHU placement nor was there any objective evidence articulated on the administrative detention order in support of his detention. Doc. 1, p. 10. He also complains that he was not present for any of the SHU reviews. *Id.* at 13. He provided approximately thirty-three pages of the special housing unit reviews relative to his continued housing in SHU. Doc. 1, att. 1, pp. 17-50.

For Terry to state a valid *Bivens* claim, the act or omission he alleges must rise to the level of a constitutional violation. *See Siegert v. Gilley*, 111 S. Ct. 1789 (1991). Fifth Circuit case law is clear "that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996); *Taylor v. Howards*, 268 F.3d 1063 (5th Cir. 2001). Here, as shown above, Terry had no constitutionally protected liberty interest in avoiding assignment to the SHU. Thus, the defendants' alleged failure to follow their internal policies/program statements did not give rise to a constitutional violation because there was no underlying liberty interest to violate and therefore no constitutional right to due process. Terry's allegations in this regard do not state a claim upon which relief may be granted. He should amend his complaint to cure the defects noted or delete the claim.

### 4. Access to the Courts Claim

Terry argues that he was denied access to the courts as FCIO staff intentionally lost his commissary slip which prevented him from mailing legal documents to the court.

"It is clearly established that prisoners have a constitutionally protected right of access to the courts." *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993). This right "assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Lewis v. Casey*, 116 S. Ct. 2174, 2194 (1996) (quoting *Wolff v. McDonnell*, 94 S. Ct. 2963, 2986 (1974)). Claims alleging violations of the right of access to courts are not cognizable unless the inmate's position as a litigant was actually prejudiced by the denial of access. *See Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999); *Lockamy v. Dunbar*, 399 Fed. App'x. 953, 955 (5th Cir. 2010). Terry has not shown that his ability to prepare and transmit legal documents was inhibited nor has he alleged any other actual injury. He should amend his complaint to cure the defects noted or delete the claim.

### 5. *Injunctive Relief*

Terry seeks injunctive relief for alleged actions that occurred when he was incarcerated at FCIO. However, he has been transferred from FCIO since the filing of his complaint. The law is clear that the transfer of a prisoner out of an allegedly offending institution generally renders his claims for injunctive relief moot. *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991). Any suggestion of the possibility of transfer back to FCIO is too speculative to warrant relief. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). Terry should amend his complaint to cure the defects noted or delete the claim.

### 6. *Medical Care*

It appears from Terry's references to his delays in medical psychological treatment that he is attempting raise a claim based on denial of care. Medical care claims asserted by convicted prisoners are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to show a constitutional violation relating to their medical care, convicted

prisoners must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 97 S. Ct. 285, 292 (1976). Accordingly, "[a] prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (citation omitted). "[T]he failure to alleviate a significant risk that [the official] should have perceived, but did not is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (internal quotations and citation omitted). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cnty., Texas*, 245 F.3d 447, 459 (5th Cir. 2001) (citation omitted). "However, a prison official's knowledge of a substantial risk of harm may be inferred if the risk was obvious." *Easter*, 467 F.3d at 463.

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the court stated that the test "in balancing the needs of the prisoner against the burden on the penal system . . . is one of medical necessity and not one simply of desirability." The fact that a course of treatment was unsuccessful or that a prisoner disagrees with the treatment chosen does not elevate a claim to a constitutional dimension. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, the fact that a plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992).

To the extent that Terry intends to raise a constitutional claim based on FCIO's alleged failure to provide his requested psychologist appointment and eyeglasses, his allegations do not satisfy the above standards. He must provide information to show that this alleged delay in care was sufficiently harmful to evince deliberate indifference to serious medical needs, and he must identify the individuals who knew of and disregarded the risks to his health as described above.

## III.
### CONCLUSION

Terry's *pro se* complaint is deficient in a number of respects as discussed above. Before this court determines the proper disposition of his claims, he should be given the opportunity to remedy the deficiencies of his complaint or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly;

**THE CLERK IS DIRECTED** to serve Terry with a copy of this order.

**IT IS ORDERED** that Terry amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) or under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Terry is further required to notify the court of any change in his address under LR 41.3.

THUS DONE this 27th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE