# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSH TERRY** | : | **DOCKET NO. 17-cv-410** |
| B.O.P. # 15408-032 | | **SECTION P** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **S. BROWN, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint filed by Josh Terry. Terry is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute at Beaumont, Texas. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

Terry filed suit in this court on or about March 16, 2017. Doc. 1. He was ordered to amend the complaint within thirty days, by memorandum order dated December 27, 2017. Doc. 11. Since that time, the court has received no response to the order or other communication from Terry.

A district court may dismiss an action based on the plaintiff's failure to prosecute or comply with a court order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 82 S.Ct. 1386, 1388–89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." Id. at 1388.

Here Terry failed to respond to the court's amend order, and his time for complying elapsed nearly two months ago. Accordingly, **IT IS RECOMMENDED** that Terry's petition be

**DISMISSED WITHOUT PREJUDICE** under Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE this 19th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE